IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03648-RTG

MAXFIELD ALTON SUSSMAN,

Plaintiff,

v.

STEVE SANGER, in his individual capacity,
ATHENA GARCIA, in her individual capacity, and
JOSHUA T. MILLER, in his individual capacity,

Defendants.

---

## ORDER TO STAY AND ADMINISTRATIVELY CLOSE THIS ACTION

---

Plaintiff Maxfield Alton Sussman initiated this action *pro se* on August 11, 2026, by filing a Complaint (ECF No. 1) asserting claims for relief against the Defendants pursuant to 42 U.S.C. § 1983. Plaintiff has paid the $405.00 filing fee. (*See* ECF No. 10). The matter before the Court is Plaintiff's "Motion to Stay Proceedings, or, in the Alternative for Administrative Closure under D.C.COLO.LCiv. 41.2" (ECF No. 3), filed on August 11, 2026.

### I. The Complaint

The three Defendants named in the Complaint are officers with the Fremont County Sheriff's Office. The factual allegations are summarized as follows: On August 13, 2026, Plaintiff was arrested by Defendant Joshua T. Miller pursuant to a warrant and

criminal charges were filed against him in Fremont County Criminal Case 24CR271. (ECF No. 1 at 1, 9). The warrant was issued based on the affidavit of Defendant Athena Garcia in October 2023, who made false and inconsistent factual statements that did not support the alleged criminal violations asserted. (*Id.* at 1-2, 5-6, 12). Defendant Steve Sanger also provided “false or misleading content” that was incorporated into Garcia’s affidavit. (*Id.* at 12). The District Attorney assessed the original October 2023 affidavit in support of arrest as supporting a single misdemeanor charge. (*Id.* at 2, 7-8). However, nine months later, after Plaintiff threatened to file a civil lawsuit against the District Attorney and law enforcement officers, the same affidavit was approved and signed as five felony counts. (*Id.*). On October 9, 2025, Plaintiff entered a plea in the criminal action and received a four-year deferred judgment and sentence that remains active. (*Id.* at 2, 9). Plaintiff states that he does not challenge the validity of his guilty plea or deferred sentence. (*Id.*). However, because the cause of action for some of his claims accrued in July/August 2024, he has filed this action “protectively” to preserve his federal rights. (*Id.*). Plaintiff’s motions to withdraw his guilty plea, to recuse the presiding judge, and for change of venue, filed in the state criminal action, are pending. (*Id.*).

Plaintiff asserts the following federal claims for relief against the Defendants, sued in their individual capacities: (1) Defendants arrested him without probable cause, and then maliciously prosecuted him, in violation of his Fourth Amendment and Fourteenth Amendment due process rights, *id.* at 12-13; (2) Defendants arrested and prosecuted him in retaliation for his exercise of First Amendment rights, *id.* at 13-14; (3)

Defendant Garcia violated Plaintiff's Fourteenth Amendment due process rights by making false statements in support of the arrest warrant affidavit, *id.* at 14-15; and, (4) Defendants violated Plaintiff's rights under the Colorado Constitution, *id.* at 15-16. Plaintiff asks the Court to stay (or administratively close) this action pending resolution of the state criminal proceeding, and, once the stay is lifted, award him monetary relief. (*Id.* at 16).

## II. Discussion

Plaintiff asserts that a stay of this action is warranted because it was necessary for him to file a § 1983 action for damages at the present time to protect his ability to litigate claims challenging the legality of his arrest in the future, once the state criminal proceedings have concluded (*See* ECF No. 3 at 2-3). Plaintiff asserts that "where abstention or comity concerns are implicated by parallel state proceedings, damages claims that cannot be redressed in the state proceeding are to be stayed, not dismissed." (ECF No. 3 at 2-3) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) and *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)).

### ***Younger* Abstention**

The § 1983 claims asserted in the Complaint implicate the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to *Younger,* a federal court must abstain when: "(1) there is an ongoing state criminal, . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests." *Chapman v. Oklahoma*, 472

F.3d 747, 749 (10th Cir. 2006) (citation omitted). *See also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (*Younger* abstention applies to an ongoing state criminal proceeding). Once these conditions exist, *Younger* abstention becomes mandatory absent extraordinary circumstances. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). The doctrine applies regardless of whether the plaintiff seeks declaratory, injunctive, or monetary relief. *D.L. v. Unified Sch. Dist. No.* 497, 392 F.3d 1223, 1228 (10th Cir. 2004).

The first requirement of *Younger* is met because there is an ongoing state criminal prosecution. On October 9, 2025, Plaintiff entered a plea in the state criminal action and received a four-year deferred judgment and sentence. (ECF No. 1 at 2, 9). *See also* Colo. Rev. Stat. § 18-1.3-102(1), C.R.S. (2026) (authorizing a district court, after a defendant has pleaded guilty to a felony, to continue the case for up to four years "for the purpose of entering judgment and sentence upon the plea of guilty."). In exchange for this continuance, the state district court imposed probationary-like supervision conditions on the defendant. *Pineda-Liberato v. People*, 2017 CO 95, ¶ 24, 403 P.3d 160, 164 (internal citation omitted). Under Colorado law, "a deferred judgment is not a judgment of conviction or a final, appealable judgment"; instead, it is a continuance of the prosecution. *Kazadi v. People*, 2012 CO 73, ¶ 19, 291 P.3d 16, 22. If Plaintiff completes the term of the deferred sentence without violating a condition, his guilty plea is withdrawn, and the criminal action must be dismissed with prejudice. § 18-1.3-102(2), C.R.S. However, if Plaintiff violates any of the stipulated conditions, the

court can revoke the deferral and enter judgment and sentence upon his guilty plea. *Id*.

Under the second *Younger* condition, Plaintiff may challenge the constitutionality of his arrest and prosecution in the state criminal proceeding and there is no reason to believe his claims will not be given full and proper consideration by the state courts. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

The third condition for *Younger* abstention is also satisfied. “For the purposes of *Younger*, state criminal proceedings are viewed as a traditional area of state concern.” *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quotations omitted). *See also Kelly v. Robinson,* 479 U.S. 36, 49 (1986) (recognizing that “the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") (citing *Younger,* 401 U.S. at 44-45)).

In sum, the three requirements for *Younger* abstention are met in this case and Plaintiff does not contend otherwise or argue that an exception to *Younger* applies.

**<u>Claim Accrual Dates for Statute of Limitations</u>**

A two-year statute of limitations applies to § 1983 actions filed in Colorado. See *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). “Although state law determines the applicable statute of limitations period, federal law governs the particular point in time at which a claim accrues.” *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir.

2006). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. (internal quotation marks omitted). *See also Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A § 1983 action accrues when facts that would support a cause of action are or should be apparent.").

Plaintiff's causes of action challenging the legality of his arrest pursuant to a warrant on August 13, 2024 accrued no later than the date of his arrest. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) ("[T]he issuance of an arrest warrant represents a classic example of the institution of legal process."); *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) (a First Amendment retaliatory arrest or prosecution claim accrues when the plaintiff knew or had reason to know of the alleged retaliatory arrest or prosecution).

By contrast, a § 1983 cause of action for malicious prosecution does not arise unless and until the criminal action is terminated in Plaintiff's favor. *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008); *McDonough v. Smith*, 588 U.S. 109, 125 (2019) ("The statute of limitations for McDonough's § 1983 claim alleging that he was prosecuted using fabricated evidence began to run when the criminal proceedings against him terminated in his favor.").

**Stay of § 1983 Action**

When *Younger* abstention applies, an order staying the § 1983 damages claims, rather than dismissal, is appropriate. *D.L.*, 392 F.3d at 1228 ("The rationale for Younger abstention can be satisfied . . . by just staying proceedings on the federal damages claim until the state proceeding is final") (citing *Quackenbush*, 517 U.S. at 730) ("[W]e have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether"); *Deakins*, 484 U.S. at 202 (a district court finding that *Younger* abstention is required nevertheless "has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding."); *Wallace v. Kato*, 549 U.S. 384, 392-93 (2007) (recognizing the district court's authority to stay a § 1983 false arrest claim pending the conclusion of a state criminal proceeding).

For the above reasons, this 42 U.S.C. § 1983 action for monetary relief will be stayed and administratively closed, subject to reopening for good cause after final resolution of Plaintiff's state criminal proceeding.

Accordingly, it is

ORDERED that Plaintiff's "Motion to Stay Proceedings, or, in the Alternative for Administrative Closure under D.C.COLO.LCiv. 41.2" (ECF No. 3), filed on August 11, 2026, is GRANTED as follows: This action is STAYED and ADMINISTRATIVELY CLOSED subject to reopening for good cause after resolution of the related ongoing state criminal proceeding and any associated state appeal or post-conviction

proceedings. It is

FURTHER ORDERED that Plaintiff's Supplement to Motion to Restrict Public Access (ECF No. 4) as to Relief Requested" (ECF No. 8), filed on August 13, 2026, is DENIED WITHOUT PREJUDICE based on the relief granted in the August 13, 2026 Order (ECF No. 7).

DATED August 21, 2026.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court